Filed 2/14/23 P. v. Silva CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALBERT JORGE SILVA,<br><br>　　　Defendant and Appellant. | C093875, C095978<br><br>(Super. Ct. No. F18000078) |

In March 2018, the People charged defendant Albert Jorge Silva with murder. On January 28, 2021, a jury found defendant guilty as charged, and the trial court sentenced him to an indeterminate term of 15 years to life in state prison. Defendant appealed from that conviction on March 19, 2021. He contends the trial court erred by instructing the jury with CALCRIM No. 362. We find no error. Defendant also notes errors in the abstract of judgment, which the People agree should be corrected. We will remand the matter for the limited purpose of allowing the trial court to correct the errors in the abstract of judgment and otherwise affirm the judgment.

1

On February 24, 2022, while the direct appeal was pending, defendant filed a petition for resentencing in the trial court, pursuant to Penal Code section 1172.6.[1] The court denied the petition without appointing counsel. Defendant appealed the trial court's denial of his petition, and the appeal was consolidated with his direct appeal. His appointed counsel asked this court for an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was informed of his right to file a supplemental brief but did not file one. Exercising our discretion to independently review the record under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we affirm.

## I. BACKGROUND

Between May 2006 and May 2014, defendant was convicted three times for driving under the influence. Each time he was convicted, defendant signed a "*Watson*" advisement: "[B]eing under the influence of alcohol or drugs, or both, impairs my ability to safely operate a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If I continue to drive while under the influence of alcohol or drugs, or both, and as a result of my driving, someone is killed, I can be charged with murder." (See *People v. Watson* (1981) 30 Cal.3d 290, 296.)

In May 2014, at his sentencing hearing, the trial court spoke directly to defendant: " '[Y]ou also have probably been advised of this in the past. You understand that if you drive under the influence of alcohol and somebody's killed, you can and probably will be charged with murder. Do you understand that?

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) We will refer to section 1172.6 throughout this opinion.

" 'The Defendant: Yes, sir.' "

Counsel acknowledged she read the *Watson* advisement "out loud" to defendant. The court then continued to address defendant: " '[Y]ou understand that three times around, if you do this again, judges are likely to be looking at some much more serious consequences?

" 'The Defendant: Yes, sir.' "

In February 2015, defendant enrolled in a program designed to educate him on the dangers of driving under the influence. While in the program, defendant learned more about the *Watson* advisements he signed, in particular that if he were to "drink and drive and cause a fatality, [he] could be charged with second degree murder."

Then, in March 2018, defendant drove his car after drinking alcohol and smoking marijuana. Defendant's two-year-old son was also in the car. While driving, defendant lost control of the car; his son was thrown from the car and died as a result of his injuries. Defendant was subsequently charged with murder. Defendant pled not guilty; a jury found defendant guilty as charged. Defendant appealed from his conviction.

While his direct appeal was pending, defendant petitioned the trial court for resentencing pursuant to section 1172.6. The court denied his petition without appointing counsel, finding defendant was ineligible for relief because a jury found him guilty of murder as a result of defendant "driving under the influence [and] causing the death of his minor child (commonly referred to as *Watson Murder*)."

The trial court further explained that even after the changes in the law, defendant "can presently be convicted of a *Watson Murder* because changes made to . . . Sections 188 and 189 effective January 1, 2019[,] do not apply to *Watson Murders* . . . as a matter of law." Defendant appeals from this post judgment order as well.

## II. DISCUSSION

A.    *Appeal from Denial of Resentencing – Appeal No. C095978*

3

Because this appeal is from an order denying postconviction relief rather than a first appeal of right from a criminal conviction, defendant is not entitled to independent review pursuant to *Wende* or its federal counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-22, 224, 231.) We have, nevertheless, exercised our discretion to independently review the record under *Delgadillo, supra*, at p. 233. Based on our review of the record, the trial court was correct and defendant is not entitled to relief under section 1172.6 because he was convicted of *Watson* murder. A defendant convicted of *Watson* murder is ineligible for relief under section 1172.6. (See *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004 [defendant convicted of *Watson* murder ineligible for relief under former § 1170.95].)

As described by our Supreme Court in *Watson* "[m]alice may be implied when a person willfully drives under the influence of alcohol." (*People v. Roldan, supra,* 56 Cal.App.5th at p. 1004.) Thus, a defendant convicted of *Watson* murder is "convicted under a theory of actual implied malice, not malice imputed under the natural and probable consequences doctrine." (*Ibid.*) Although "the doctrine of implied malice has a 'natural and probable consequences' element," the defendant must "actually appreciate that death is the natural and probable consequence of his or her actions, and further requires that the [defendant] consciously disregard that danger." (*Id.* at pp. 1004, 1005.) Thus, unlike the natural and probable consequences doctrine eliminated by Senate Bill No. 1437, implied malice rests on the killer's own mens rea. (See *Roldan, supra*, at pp. 1004-1005.) Accordingly, defendant is ineligible for relief as a matter of law.

B.   *Direct Appeal – Appeal No. C093875*

1.   *CALCRIM No. 362*

Defendant argues CALCRIM No. 362 creates an irrational permissive presumption of guilt and violates his constitutional rights to due process and a fair trial. The instruction as given, states: "If the defendant made a false or misleading statement before this trial relating to the charged crime, knowing the statement was false or

4

intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt. If you conclude that the defendant made the statement, it is up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt by itself."

Defendant argues the predecessor to CALCRIM No. 362, CALJIC No. 2.03, withstood constitutional challenge because it limited the permissive inference that might be drawn from the evidence to the defendant's consciousness of guilt of some wrongdoing, not consciousness of guilt of the specific crimes charged. CALJIC No. 2.03 stated: "If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crime for which he is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide." Defendant argues the new jury instruction fails to reflect the distinction between consciousness of guilt of some wrongdoing as opposed to consciousness of guilt of the charged crime. This, he argues, renders the instruction unconstitutional. We disagree.

The defendant's "consciousness of guilt" language used in CALJIC No. 2.03, approved in *People v. Crandell* (1988) 46 Cal.3d 833, is not materially different from the defendant's being "aware of his guilt of the crime" pursuant to CALCRIM No. 362. Both instructions describe a defendant's consciousness of guilt arising from a false or misleading statement relating to the charged crime rather than a confession of guilt. The Supreme Court apparently agrees. In *People v. Howard* (2008) 42 Cal.4th 1000, 1021, the court stated, "defendant contends that consciousness of guilt instructions like CALJIC No. 2.52 (and see [CALCRIM No. 362]) invite the jury to draw irrational and impermissible inferences with regard to a defendant's state of mind at the time the offense was committed. We have repeatedly rejected this argument (see, e.g., [*People v.*] *Jackson* [(1996)] 13 Cal.4th [1164,] 1222-1224), and do so here."

5

Additionally, like CALJIC No. 2.03, CALCRIM No. 362 warns that any "evidence that the defendant made such a statement cannot prove guilt by itself." This ensures the jury does not treat the defendant's false or misleading statement as a confession of the crime. (See *People v. Crandell*, *supra*, 46 Cal.3d at p. 870.) Accordingly, CALCRIM No. 362 did not violate defendant's rights to due process or a fair trial.

### 2. *Abstract of Judgment*

Defendant contends the abstract of judgment must be amended to reflect his murder conviction to be one of second degree murder. The People agree. At trial, the court instructed the jury only on second degree murder. As a result, defendant could only have been convicted of second degree murder. The abstract of judgment, however, does not identify the degree of murder. Such a mistake is clerical; it can and should be corrected on remand. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186.)

In addition, the trial court failed to specify the fines and fees imposed on defendant. This was error. (*People v. Johnson* (2015) 234 Cal.App.4th 1432, 1459; see also *People v. High* (2004) 119 Cal.App.4th 1192, 1201.) On remand, the trial court shall identify the individual amounts and statutory bases for the fines, fees, and penalties imposed, and amend the abstract of judgment accordingly.

## II. DISPOSITION

The post judgment order denying defendant's resentencing petition in appeal No. C095978 is affirmed.

In appeal No. C093875 the judgment is affirmed. The trial court, however, is directed to correct the abstract of judgment to reflect defendant's conviction as one for second degree murder, and amend the abstract of judgment in order to identify the individual amounts and statutory bases for the fines, fees, and penalties imposed. The trial court is directed to deliver a copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.

6

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

BOULWARE EURIE, J.

7